

The following constitutes
the order of the court. Signed October 4, 2016

_____
Charles Novack
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

BRUNO A. MARTINEZ,

　　　Debtor.

Case No. 15-43855
Chapter 13

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**

　　　On September 1, 2016, this court conducted a hearing on Chapter 13 debtor Bruno Martinez's amended objection to the amended proof of claim filed by Meriwest Credit Union ("Meriwest"). The court continued the hearing to October 14, 2016, and informed Martinez (Meriwest did not appear at the September 1st hearing or otherwise respond to the claim objection) that it would issue a tentative decision before that date. The following constitutes this court's tentative decision regarding his objection.

　　　Chapter 13 debtor Bruno Martinez ("Martinez") filed his Chapter 13 bankruptcy on December 22, 2015, and this court confirmed his amended Chapter 13 plan (the "Plan") by order dated February 19, 2016. The Plan lists, in Class 4, a secured claim owed to Meriwest, which the Plan states is not delinquent and is not being modified. Meriwest's debt is secured by Martinez's 2000 VW Passat, and the Plan states that Martinez will directly make $120 monthly payments to Meriwest. Martinez did not list Meriwest as a secured creditor on his Bankruptcy Schedule D. He did, however, list Meriwest on his Bankruptcy Schedule F as holding an unsecured claim arising

1

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**
Case: 15-43855　Doc# 42　Filed: 10/04/16　Entered: 10/04/16 15:08:49　Page 1 of 5

from a personal loan.[1]

  Meriwest filed an amended proof of claim on April 21, 2006. On lines 7 and 8 of the proof of claim, Meriwest states that it has a $2,910.03 claim arising from "money loaned," and that its claim includes interest and other charges that should be itemized under F.R.B.P. 3001(c)(2)(A). Meriwest did not, however, attach an itemized statement. On line 9 of the form, Meriwest states that its claim is secured by a lien on Martinez's Passat, and that the basis of its perfection is "Lien on Auto/Cross Collateral Clause." It then states that the value of the Passat is $3,483.00, and that $1,260.75 of its claim is secured and $1,649.28 is unsecured. Line 9 states that the "sum of the secured and unsecured amounts should match the amount in line 7." The secured and unsecured claims listed on line 9 equal the total amount on line 7.

  Meriwest attached several documents to its amended proof of claim:

1)  A "Credit Line Account And Personal Loan Application," dated December 21, 2011, which states that Martinez is applying for a $7200 loan to purchase a 2000 VW Passat, which will serve as the loan's collateral;

2)  A "Credit Line Account Advance Request and Security Agreement," dated December 22, 2011, which states, among other things, that Martinez was requesting to draw down on the credit lien to purchase the Passat and to repay the credit line with monthly payments of $120.15. This document also states that the Passat was collateral for the loan;

3)  An "All Purpose Application And Financial Statement," dated May 15, 1989, which apparently documents a $2,000 loan from Meriwest's predecessor in interest (Pacific IBM Employees Federal Credit Union). This document contains form security agreement language, which states, in part:

> "That to provide the Credit Union with security for payment and performance of all my obligations to you (which exists now or may exist in the future) under this Agreement you shall have the power in accordance with 12 U.S.C. Section 1757(11) to place a lien on my present and future shares, checking, share certificates, and other

---

[1] The court takes judicial notice of the Plan and Martinez's Bankruptcy Schedules under Federal Rule of Evidence 201.

2

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**
Case: 15-43855 Doc# 42 Filed: 10/04/16 Entered: 10/04/16 15:08:49 Page 2 of 5

deposit accounts with you inclusive of dividends paid and accrued on the accounts, to the extent of the amounts of my loan(s) which is in default, and for payment of any charges that my be due. The same is true as to shares or deposits of a comaker who signs this Agreement.

As additional security, the Credit Union shall at all times have, and is hereby granted, a security interest in and all the rights of a s secured creditor in possession of security property under applicable state law; with respect to all funds, securities, or other property owned by the borrower(s) now or at any time in the control of the Credit Union, whether for safekeeping or for any other or different purposes. In addition, I give the Credit Union a security agreement in any personal property other than my household goods, principal dwelling or real property that I have pledged to secure any of my other obligations to the Credit Union, and agree that such property shall also secure my obligations under this agreement.

Furthermore, I give you a security interest in certain other personal property of the type described as security for each loan under this Agreement, which property will be individually identified in a separate Funds Advance Voucher(s), or such other document as prescribed by you as well as in any accessions to such property and in any proceeds from the sale of the property (referred to a collateral)."

Martinez objects to Meriwest's claim. He asserts in his amended claim objection that Meriwest does not have a secured claim, and that its unsecured claim is actually $3,028. While his objections are not clearly written, Martinez appears to argue that:

1. Meriwest did include an itemized statement of the interest or other charges included in its claim amount, as required by F.R.B.P. 3001(c)(2)(A).

2. Meriwest did not provide evidence supporting its statement that the Passat is worth $3,483.00.

3. The security agreements are all unsigned, and that the dragnet clause found in the All Purpose Application and Financial Statement does not specify the property that it falls within that clause.

Meriwest did not respond to the claim objection.

Federal Rule of Bankruptcy Procedure 3001 governs the content of a proof of claim. Rule 3001(c)(1) requires that a creditor, whose claim is based on a writing, to attach a copy of that writing to its proof of claim. Moreover, Rule 3001(c)(2)(A) requires, in individual bankruptcies, that the creditor attach an itemized statement of the interest, fees, expenses or charges to its proof of claim if it asserts that the claim includes such costs. In addition, Rule 3001(d) states that "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence

3

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**
Case: 15-43855    Doc# 42    Filed: 10/04/16    Entered: 10/04/16 15:08:49    Page 3 of 5

that the security interest has been perfected."

Finally, Rule 3001(f) states that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

Meriwest's proof of claim does not satisfy all of Rule 3001's requirements, and its proof of claim is not prima facie evidence of its validity or amount. Meriwest did not attach an itemized list required under Rule 3001(c)(2)(A) or any evidence that it has a perfected lien in the Passat.

While this analysis would seemingly result in a denial of Meriwest's entire claim, Martinez recognizes a $3028.00 general unsecured claim. Accordingly, this court will sustain Martinez's objection in full, and allow only a $3,028 general unsecured claim for Meriwest.[2]

**PLEASE TAKE NOTICE THAT this order constitutes this court's tentative decision to sustain Martinez's objection to Meriwest's amended proof of claim (which is claim #11 on the claims register). Any response to a) this tentative decision and/or b) this court's judicial notice of the Plan and Bankruptcy Schedules shall be made by no later than the continued October 14, 2016 hearing date. Any such responses may be raised orally during that hearing. If no timely response is made, this tentative decision shall constitute the final order of this court.**

* * *END OF ORDER * * *

---

[2] This court, having taken judicial notice of Martinez's plan, recognizes that he may be collaterally estopped from denying that Meriwest has a secured claim in the Passat. The court will not, however, reach this issue. The doctrine of collateral estoppel is an "affirmative matter, and the proponent of preclusion has the burden of proof and bears the risk of non-persuasion." *In re Summerville*, 361 B.R. 133, 141 (B.A.P. 9th Cir. 2007). Meriwest has not asserted this doctrine in defense of its claim.

4

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**
Case: 15-43855    Doc# 42    Filed: 10/04/16    Entered: 10/04/16 15:08:49    Page 4 of 5

Case No. 15-43855

**COURT SERVICE LIST**

Bruno A. Martinez
1255-F Pine Creek Way
Concord, California 94520

Meriwest Credit Union
Attention: Brianna Sousa
5615 Chesbro Avenue
San Jose, California 95123

5

**TENTATIVE DECISION SUSTAINING OBJECTION TO MERIWEST PROOF OF CLAIM**
Case: 15-43855   Doc# 42   Filed: 10/04/16   Entered: 10/04/16 15:08:49   Page 5 of 5